# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHIRLEY K. GOSNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. CIV-06-218-KEW |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner, Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Claimant, Shirley K. Gosnell, pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Claimant's application for disability benefits under the Social Security Act. In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before a United States Magistrate Judge. Any appeal of this order will be directly to the Tenth Circuit Court of Appeals. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, the Court AFFIRMS the Commissioner's decision.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment..." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his "physical or mental impairment or impairments are of such severity that he is not only

unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy..." Id. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term substantial evidence has been interpreted by the U.S. Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not reweigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also Casias,

---

[1] Step one requires claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. See id. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

933 F.2d at 800-01.

## Claimant Background

Claimant was born on August 9, 1946, and was 58 years old a the time of the hearing before the ALJ. She has a high school education. Claimant has worked as an alteration tailor, cashier, and clerk/stocker. Claimant alleges an inability to work beginning March 31, 2005, due to high blood pressure; crying spells; inability to deal with people; trouble concentrating and completing tasks; anxiety; depression; and panic attacks with associated chest pain, fearfulness, tingling in her hands, and sweating.

## Procedural Background

On October 15, 2003, Claimant filed for disability benefits under Title II (42 U.S.C. § 401, et seq.) and Widow's Insurance Benefits under Title XVI (42 U.S.C. § 202, 203) of the Social Security Act. Claimant's application for benefits was denied initially and upon reconsideration. A hearing before ALJ Larry M. Weber was held on May 4, 2005, in Hugo, Oklahoma. By decision dated June 29, 2005, the ALJ found that Claimant was not disabled at any time through the date of the decision. On April 3, 2006, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant's medical conditions were severe, they did not meet a Listing and she retained the residual functional capacity ("RFC") to perform a significant range of medium work. Although she was unable to perform her past relevant work, the Medical-Vocational Guidelines

(GRIDS) were used to determine that significant numbers of jobs were available in the national and regional economies that she could perform.

## Review

Claimant raises only one issue on appeal. She contends the ALJ failed to properly assess her mental limitations in concluding that she retained the ability to perform a significant range of medium work that was limited to simple work not involving contact with the general public. The Court has thoroughly reviewed the medical evidence in this case and finds that the ALJ's determination Claimant retains the ability to perform a significant range of medium work is supported by substantial evidence.

## Residual Functional Capacity Assessment

Claimant argues that the ALJ's RFC determination is not consistent with his own findings or the findings of the State agency physicians regarding the severity of her mental impairments. Both the state agency physician and the ALJ concluded that Claimant could perform simple work that did not involve contact with the general public. (Tr. 23, 139, 153) Claimant's arguments must fail because the ALJ provided for Claimant's moderate limitations in social functioning that did not involve contact with the general public. (Tr. 23) Similarly, the ALJ provided for moderate limitations in understanding and remembering detailed instructions; carrying out detailed instructions; and maintaining attention and concentration. (Id.) The ALJ also included limitations consistent with moderate limitations in the ability to respond appropriately to changes in the work setting. (Id.)

Medical records from Dr. Deepak Jaiswal extend from July 6, 2001 through March 8, 2004. During this period, Claimant was treated for various complaints, including hypertension

4

and anxiety. (Tr. 100-123, 129-136)

Claimant was referred for a psychiatric evaluation with Dr. Mohan P. Das on January 23, 2004. (Tr. 125-128) Dr. Das reviewed the medical reports from Claimant's treating physician, Dr. Jaiswal. He noted that during her treatment with Dr. Jaiswal, Claimant had received medications for high blood pressure and anxiety that included Prinzide, Toprol XL, Tiazac, Xanax, and Effexor. Dr. Das opined that Claimant's prognosis was guarded. She continued to show symptoms of depression and anxiety with hypertension. He stated that these factors "may interfere with her ability to reason and make social, occupational, and personal adjustments." (Tr. 127)

RFC assessments were also completed by Disability Determination Services ("DDS") physicians. Moderate limitations were found in the ability to: (1) understand and remember detailed instructions; (2) carry out detailed instructions; (3) maintain attention and concentration for extended periods; (4) interact appropriately with the general public; and (5) respond appropriately to changes in the work setting. (Tr. 137-138) The medical consultant opined that "Claimant can remember, understand, and carry out simple and some, but not all, more complex instruction[s]. With some limitations, she can relate with supervisors and co-workers superficially as well as the general public. With limitations, she can adapt to changes in the work setting." (Tr. 139) Moderate limitations were found in: "(1) difficulties in maintaining social functioning; and (2) difficulties in maintaining, concentration, persistence, or pace. She had one or two episodes of decompensation, each of extended duration." (Tr. 151) The consultant's notes reflected that,

> Claimant's recall and immediate memory are intact, insight and judgment somewhat impaired and somatic preoccupations. Attention and concentration

5

were impaired but not markedly so. She has average intelligence. Claimant's thinking was slow but goal directed and she maintained her ability to abstract. Her ADL's appear moderately restricted by depression and anxiety. She can self-groom, cooks sometimes but not like she used to, does laundry and cleans house. She doesn't need very much; watches the news and drives. She does crafts once a week but used to do them daily. She shops x2 month and no longer attends church. She has few friends but, interestingly, she has recently remarried (married one week prior to CE). (Tr. 153)

The District Court is limited to a determination of whether substantial evidence exists to support the findings of the ALJ and his application of the correct legal standards. Adams v. Chater, 93 F.3d 712, 714 (10th cir. 1996). The ALJ's opinion contains a detailed review of the medical evidence considered. Upon careful review of the transcript of the proceedings by the court, substantial evidence supports the RFC determination made by the ALJ and his application of the correct legal standards.

**Vocational Testimony**

Claimant also asserts the ALJ erred by submitting hypothetical questions to the Vocational Expert ("VE") that did not accurately reflect adjustment limitations imposed by Dr. Das. Claimant contends Dr. Das opined that depression and anxiety 'would "interfere with her ability to reason and make social, occupational and personal adjustments."' (Pl. Brief 7-8) However, close scrutiny of the report shows Dr. Das opined that Claimant's symptoms of depression and anxiety with hypertension "may interfere with her ability to reason and make social adjustments." (Tr. 127)

Here, the VE was requested to assume a hypothetical individual who is limited in the following particulars, "that her concentration, persistence, and pace is such that she would not be able to handle complex or detailed type work tasks but would be limited to simple, repetitive, unskilled work tasks. Also, she would not be able to work in employment that required contact

6

with the general public." (Tr. 255, 256)  In response, the VE testified that the hypothetical individual would be able to perform work as a sweeper or cleaner in an industrial type of work. (Tr. 256)  Further, he stated that "[t]he reasoning, math, and language for this particular job is at a level one, which is the lowest assignment that the Dictionary of Occupational Titles assigns to work." (Tr. 257)   Other jobs listed by the VE included work "in food preparation such as a breading machine tender.  (Id.)  As with the previously listed jobs, the "GED levels are at a level one."(Id.)

Claimant's attorney requested the VE assume an individual matching the restrictions listed by the ALJ with the additional limitation that included a "poor ability to reason and make social, occupational, and personal adjustments.  The VE concluded that these additional limitations would "certainly be a significant adjustment as far as work is concerned in both materials, processes, procedures, and environment for this person." (Tr 262)  Consequently,  the "jobs would not be performable if you had a poor ability to make social and occupational adjustments." (Id.)

In a step-five denial of benefits, the burden of proof shifts to the government to establish the existence of jobs that could performed within the limitations determined by an ALJ. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).   An ALJ may use a VE to determine whether past work skills would transfer to a category containing the exertional level that the ALJ has concluded could be performed.  Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991).  However, any testimony elicited by hypothetical questions that does not precisely relate all impairments cannot constitute substantial evidence to support a denial of  benefits. Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir. 1990).  An ALJ's hypothetical questioning of a

VE will provide an appropriate basis for a denial of benefits where the questions include all of the limitations ultimately included in the ALJ's residual functional capacity assessment. Qualls v. Apfel, 206 F.3d 1368, 1373 (10th Cir. 2000).

After considering testimony from the VE, the ALJ determined Claimant could perform work as a sweeper cleaner (industrial) or food preparation, breading machine tendor (sic). This Court finds the ALJ's hypothetical questions provided an appropriate basis for the determination Claimant could perform work as a sweeper/cleaner or a food preparation worker.

**Conclusion**

The Court finds that the decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied, therefore the ruling of the Commissioner of Social Security Administration is AFFIRMED.

DATED this 2nd day of May, 2007.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE